# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0376
(not to be published)

| | |
|---|---|
| CHRISTA JEAN BINGHAM,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 27, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jane Morrow*, Otorowski, Morrow & Golden, PLLC, Bainbridge Island, WA, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 9, 2018, Christa Jean Bingham filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration. (Petition at 1). On December 19, 2019, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 45).

Petitioner has now filed a motion for attorney's fees and costs, dated February 4, 2020 (ECF No. 53), requesting a total award of $26,533.26 (representing $24,405.00 in

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

fees and $2,128.26 in costs). In accordance with General Order #9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (*Id*. at 1). Respondent reacted to the motion on February 5, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to my discretion to determine the amount to be awarded. (ECF No. 55). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). To support a fees request, a Vaccine Act claimant "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY'S FEES

Petitioner requests that all work performed by her attorney, Jane Morrow, by compensated at the hourly rate of $500, reflecting time worked on the matter between 2017 – 2020, and the rate of $100 per hour for all paralegal work billed during the same timeframe. (ECF No 53-2 at 8). The paralegal rate is appropriate and awarded herein. However, the requested rate for Ms. Morrow is reduced.

Ms. Morrow has been a licensed attorney in Washington State since 1993, placing her in the range of attorneys with 20- 30 years' experience based on the OSM Attorney's Forum Attorney Hourly Rate Schedule.[3] Her requested rate, however, exceeds her experience range, and exceeds the highest rates for the most experience attorneys practicing in the Vaccine Program – and for this reason has not been awarded in other cases.[4] Although Ms. Morrow has been an attorney for many years, her experience in the Vaccine Program is limited, having only been counsel of record in five Vaccine Act cases to date, and therefore it is not appropriate that she receive the highest rate possible under OSM's rate schedule. Based on my experience and the factors that guide calculation of proper rates,[5] I reduce Ms. Morrow's hourly rates to the following;

- $410 per hour for time billed in 2017;
- $420 per hour for time billed in 2018;
- $435 hour for time billed in 2019 and;
- $450 per hour for time billed in 2020.

This reduces the request for attorney fees in the amount of **$3,275.00**.[6]

---

[3] The OSM Hourly Rate Schedule can be found at http://www.uscfc.uscourts.gov/node/2914

[4] In *Felker v. Sec'y of Health & Human Servs.,* Ms. Morrow was awarded a rate of $400 per hour for her time billed through 2016. *Felker v. Health & Human Servs.,* No. 15-0392V, 2016 WL 4045402 (Fed. Cl. Spcl. Mstr. June 7, 2016).

[5] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *McCulloch* identifies the following factors as particularly significant: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large.

[6] This amount consists of ($500 - $410 = $90 x 7.7 hrs = $693) + ($500 - $420 = $80 x 13.05 hrs = $1,044) + ($500 - $435 = $65 x 23.2 hrs = $1,508) + ($500 - $450 = $50 x 0.6 hrs = $30) = $3,275.00.

## ATTORNEY COSTS

Petitioner requests $2,128.26 in overall costs. (ECF No. 53-1 at 1). This amount is comprised of obtaining medical records, expert costs, and the Court's filing fee. On February 5, 2020, I issued an order directing Petitioner to file any supporting documentation, including but not limited to receipts, invoices, or credit card statement. On February 13, 2020, Petitioner filed the requested documentation. (ECF No. 56). I have reviewed all of the requested costs and corresponding information and find a reduction of costs to be appropriate, as set forth below.

### A. Expert Costs

Petitioner requests fees for Marko Bodor, M.D., for services listed as "expert case review" in the total amount of $900.00. (ECF No. 53-1). This amount is reasonable for the work performed, and the requested amount is therefore awarded in full.[7]

### B. Copy Costs

The requested costs include copy costs at $0.25 per page for 565 pages of black & white copies, and $0.65 per page for 2 color copies. (ECF No. 53-1 at 2). The Vaccine Program has, however, previously awarded all in-house copies at a rate of $0.20 per page. *Fragoso v. Sec'y of Health & Human Servs.,* No. 08-0236V, 2011 WL 300139 (Fed. Cl. Spec. Mstr. Jan. 6, 2011). I will therefore award the rate of $0.20 per page, reducing the request for costs in the amount of **$29.15**.[8]

### C. Shipping Costs

Petitioner requests the total of $162.61 in costs associated with shipping. This includes $97.18 in UPS costs for shipping to Dr. Bodor, and $43.04 in UPS cost for shipping to Respondent's counsel. The remaining shipping costs are listed as "USPS Postage" in various amounts. However, there was no supporting documentation filed with the motion for fees or with the receipts filed per the order filed on February 5, 2020. (ECF No. 54). In Petitioner's declaration, Ms. Morrow states that the itemized list of shipping costs is sufficient documentation. As supporting documentation was not filed for the

---

[7] Petitioner did not submit supporting documentation regarding Dr. Bodor's rate. At this time, in the interests of expediting this fees and costs award I am not commenting on the propriety of that rate, and therefore reserve the right to evaluate its reasonableness at a future date.

[8] This amount consists of ($0.25 – $0.20 = $0.05 x 565 pgs = $28.25) + ($0.65 - $0.20 = $0.45 x 2 pgs = $0.90) = $29.15.

shipping costs, I deny the request for shipping costs. This reduces the request for costs in the amount of **$162.61**.

### D. Medical Records

Petitioner requests a total of $493.10 in costs incurred in obtaining medical records. (ECF No. 53-1 at 3). Petitioner filed the invoices regarding medical records in her declaration, dated February 13, 2020. (ECF No. 56). Upon review, it appears that there is a duplicate cost request for $28.63 for UWMC billing records in Petitioner's itemized cost list. In Petitioner's declaration, it is also noted that the duplication was a "bookkeeping error." (*Id.* at 2). Therefore, I reduce the costs requested by **$28.63**.

### E. Other Costs

Finally, Petitioner requests $30.00 in costs listed as "CD/DVD Duplication 09/17/2018." (ECF No. 53-1 at 4). No supporting information or explanation for these costs were filed in the Motion for Fees or in Petitioner's declaration. Therefore, the costs requested will be reduced by **$30.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). I award a total of **$23,007.87** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel as follows;

| | |
|---|---:|
| Requested attorneys' fees: | $24,405.00 |
| Reductions | - 3,275.00 |
| **Adjusted Fees Total:** | **$21,130.00** |
| | |
| Requested attorney costs: | $ 2,128.26 |
| Reductions | - 250.39 |
| **Adjusted Costs Total:** | **$1,877.87** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$23,007.87** |

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[9]

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
